DOUDS v. NEW YORK LOCAL UNI-
ON 10, INTERNATIONAL BROTH-
ERHOOD OF PRODUCTION, MAIN-
TENANCE AND OPERATING EM-
PLOYEES.

Civ. A. No. 14223.

United States District Court,
E. D. New York.

April 15, 1954.

Alvin Lieberman, and Jack Davis, New York City, for petitioner.

Louis A. Eisenberg, New York City, for respondent.

RAYFIEL, District Judge.

Charles T. Douds, Regional Director of the National Labor Relations Board for the Second Region, hereinafter called the Board, filed a petition herein against the above-named respondent, pursuant to the provisions of Section 10(*l*) of the National Labor Relations Act, as amended, 29 U.S.C.A. § 141 et seq., hereinafter called the Act.

The petitioner alleges that the respondent is a labor organization, within the meaning of the Act, and that Aiello Dairy Co., a partnership, hereinafter called Aiello, filed charges against it with the Board, alleging that the respondent has been and now is engaged in unfair labor practices, as they are defined in Section 8(b) subdivision (4)(A) and (4)(B) of the Act, in the Borough of Brooklyn, City of New York, which is within this district. The petitioner further alleges that the charges were investigated under his supervision and that as a result thereof he has reasonable cause to and does believe that the respondent has engaged and is engaging in unfair labor practices against Aiello; that the latter is engaged in the production, processing and sale to retail stores of dairy products, and during the past year has shipped a substantial amount of such products from its plant in Brooklyn, New York, to places outside the State of New York; that the respondent demanded that Aiello recognize it as the collective bargaining representative of Aiello's employees although at no time had it been certified therefor under the provisions of the Act; that upon Aiello's refusal so to do the respondent induced and encouraged employees of a number of customers of Aiello, and of other suppliers of such customers, to engage in strikes and in concerted refusals to use, handle or transport goods or articles of Aiello, or perform services for it or for such other suppliers, all for the purpose of forcing or requiring said customers to cease doing business with Aiello; that such acts and conduct are affecting commerce within the meaning of Section 2, subdivisions (6) and (7) of the Act.

The petitioner, feeling that the respondent, unless restrained, will continue the acts and course of conduct hereinabove set forth, asks, pursuant to the provisions of Section 10(*l*) of the Act, for an order restraining the respondent, its agents, officers, attorneys, members and employees, pending the final determination by the Board of the charges filed against the respondent by Aiello, from "engaging in, or by picketing, orders, instructions, directions, appeals, or by any like or related acts or conduct, or by permitting any such to remain in existence or effect, inducing or encouraging the employees of Festa Cheese, Inc., Capiello Dairy Store, Packer's Super Market, Concord Shelf Service Food Stores, Hugo Self Service Store, or of any employer other than Aiello, to engage in a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities, or to perform any services where an object thereof is: (1) to force or require Festa Cheese, Inc., Capiello Dairy Store, Packer's Super Market, Concord Shelf Service Food Stores, Hugo Self Service Store, or any other employer or person to cease using, selling handling, transporting, or otherwise dealing in the products of Aiello, or to cease doing business with Aiello, or (2) to force or require Aiello to recognize or bargain with respondent as the collective bargaining representative of any of its employees, unless and until respondent has been certified as the representative of

such employees pursuant to section 9 of the Act."

A hearing was held on the application for an interlocutory injunction herein at the opening of which the petitioner moved to amend the petition to include in the caption thereof the names of three of the respondent's officers: Max Davis, Dave Travis and Frank Zulferino and asking that their names be included in the prayer for relief herein, to which there was no objection. The testimony of a number of witnesses was taken at the hearing. It is my opinion that the said testimony substantiates the Regional Director's judgment that there is reasonable cause to believe that the acts charged were committed and that they constitute a violation of the Act. The facts in the instant case are virtually identical with those in the case of Brewery and Beverage Drivers and Workers, Local No. 67, etc., and Washington Coca Cola Bottling Works, Inc., 107 N.L.R.B. No. 104 wherein the Board adopted the findings, conclusions and recommendations of the Trial Examiner and issued a cease and desist order similar to that sought herein, against the offending union and its officers.

Virtually the only point raised by the respondent which is pertinent to the charges filed with the Board is the claim that the acts charged do not constitute a secondary boycott, and hence are not violative of the Act. It claims, inter alia, that it did not induce or encourage employees to engage in a strike or concerted refusal to perform services for their employers. The record discloses, however, that Zulferino, the president of the respondent union, testified that while representatives of the respondent were picketing Festa Cheese, Inc., one of Aiello's customers, an employee of another concern refused to make a delivery there because of the presence of respondent's pickets. The respondent argues also that it was engaged in a primary boycott only, since it confined its picketing of Aiello customers to those times when deliveries were being made, and that such picketing is not an unfair labor practice within the meaning of the Act. Whether or not the picketing which the respondent states its representatives engaged in constituted unfair labor practice need not be decided here since the record of the hearing clearly shows that Zulferino and other witnesses testified that picketing continued after the Aiello trucks had completed their deliveries and left the premises involved. Picketing of secondary premises, such as was concededly done by the respondent, was likely to interfere with the free flow of commerce and adversely affect the public welfare within the meaning of Section 2, subdivisions (6) and (7) of the Act. See National Labor Relations Board v. Denver Building & Const. Trades Council, 341 U.S. 675, 685 et seq., 71 S.Ct. 943, 95 L.Ed. 1284.

I have indicated that it is my belief that at least some of the charges set forth in the petition have been sustained, but the propriety of issuing an interlocutory injunction does not depend on such a finding. The conditions governing such issuance are fixed by statute, section 10(l) of the Act. I am required merely to pass upon the questions as to (1) whether there is reasonable cause to believe that the Act has been violated, and (2) whether it would be just and proper to grant injunctive relief herein. My answer to both those questions is in the affirmative.

Accordingly, the application for an interlocutory injunction against the respondent and its officers as prayed for in the petition herein, is granted, to be effective until the final determination by the Board of the charges filed by Aiello.

Settle order on notice.